IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CITY AND COUNTY OF HONOLULU, | ) | CIVIL NO. 08-00404 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**<u>INFORMATION SUBSTANTIATING FOIA LOGS</u>**

Before the Court is Plaintiff City and County of Honolulu's ("Plaintiff") Motion for Information Substantiating FOIA Logs ("Motion"), filed on February 19, 2009.  Defendants United States Environmental Protection Agency ("EPA"), Stephen L. Johnson, as Administrator of the EPA, and Wayne Nastri, as Regional Administrator of the EPA (collectively "Defendants") filed their opposition to the Motion on March 20, 2009, and Plaintiff filed its reply on March 27, 2009.  This matter came on for hearing on April 7, 2009.  Appearing on behalf of Plaintiff were Bryan Brown, Esq., and Kathleen Kelly, Esq., and appearing on behalf of Defendants were Bryan Dearinger, Esq., and Assistant United States Attorney Derrick Watson.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**DISCUSSION**

Plaintiff filed the instant action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA").  In the instant Motion, Plaintiff seeks an order compelling Defendant "to disclose certain specified and limited information relative to the withheld documents specified herein that would substantiate [Defendant's] claimed FOIA exemption, or to produce the document itself."  [Mem. in Supp. of Motion at 3.]

The Court notes that discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents." <u>Lane v. Dep't of Interior</u>, 523 F.3d 1128, 1134 (9th Cir. 2008) (citation omitted).  Thus, courts routinely delay discovery until after summary judgment.  <u>See</u> <u>id.</u> Further, a denial of discovery is appropriate where "the plaintiff's requests consist[] of precisely what defendants maintain is exempt from disclosure to plaintiff pursuant to the FOIA."  <u>See</u> <u>id.</u> at 1135 (citation and quotation marks omitted). Even though Plaintiff asserts that the instant Motion is not a discovery request, the principles restricting discovery in FOIA cases still apply.  Plaintiff's Motion addresses the question that is the ultimate issue in this case, whether Defendants must produce the withheld documents.

Similarly, to the extent that Plaintiff further information in addition to the FOIA logs already provided,

Plaintiff will receive this information in Defendants' <u>Vaughn</u> index.  <u>See</u> <u>Vaughn v. Rosen</u>, 484 F.2d 820, 823-25 (D.C. Cir. 1973).  The <u>Vaughn</u> index typically accompanies the FOIA defendant's motion for summary judgment.  <u>See</u>, <u>e.g.</u>, <u>Lion Raisins v. United States Dep't of Agric.</u>, 354 F.3d 1072, 1082 (9th Cir. 2004) (noting that courts are permitted to rule on summary judgment in FOIA cases based on the government's <u>Vaughn</u> index).  The Court, however, acknowledges that it has the discretion to order Defendants to produce a <u>Vaughn</u> index prior to summary judgment when warranted under the circumstances.  <u>See</u>, <u>e.g.</u>, <u>People ex rel. Brown v. United States Envtl. Protection Agency</u>, No. C-08-0735 SC, 2008 WL 3154773, at *3 (N.D. Cal. Aug. 1, 2008) ("Given the amount of time that has passed between the original FOIA request and the instant motion [to compel production of <u>Vaughn</u> index], as well as the purpose of the index, it is more appropriate for the EPA to produce the <u>Vaughn</u> index now and allow Plaintiff to review it prior to summary judgment." (citation omitted)).

   The dispositive motions deadline in the instant case is June 17, 2009.  At the hearing on the Motion, defense counsel represented that Defendants will be filing a motion for summary judgment by the dispositive motions deadline.  Defense counsel also represented that they are currently working on the <u>Vaughn</u> index.  Further, the Court notes that on March 27, 2009, the

district judge denied Plaintiff's Motion for Preliminary Injunctive Relief.  Plaintiff argues the district judge's finding that Plaintiff is likely to prevail on the merits weighs in favor of granting the instant Motion.  [Order Denying Plaintiff's Motion for Preliminary Injunction, filed 3/27/09 (dkt. no. 47), at 20.]  The district judge, however, denied Plaintiff's Motion for Injunctive Relief because Plaintiff did not demonstrate that irreparable harm is likely.  [Id. at 23.]  Under the circumstances of this case, this Court declines to exercise its discretion to order Defendants to produce their Vaughn index before they file their motion for summary judgment.  Plaintiff's Motion is therefore DENIED.

     Defendants are aware of their obligation to provide a complete Vaughn index and they have indicated that they are currently compiling it.  The Court notes it may be in Defendants' interests to produce the Vaughn index as soon as it is completed, rather than waiting until the filing of Defendants' motion for summary judgment.  The sooner Plaintiff receives the Vaughn index, the sooner Plaintiff will be able to prepare its case, and the sooner the district judge can decide the merits of Defendants' motion for summary judgment.  If Defendants do not produce the Vaughn index until they file their motion for summary judgment, Plaintiff may not have adequate time to respond to the motion and may be forced to seek a continuance pursuant to

Federal Rule of Civil Procedure 56(f)(2).

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Information Substantiating FOIA Logs, filed February 19, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 9, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**CITY & COUNTY OF HONOLULU V. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL; CIVIL NO. 08-00404 SOM-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR INFORMATION SUBSTANTIATING FOIA LOGS**